# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald N. Jose, | No. CV 10-1594-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Steven Williamson, et al., | |
| Defendants. | |

Plaintiff Ronald N. Jose is a State of Hawaii inmate who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona. On July 27, 2010, he filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will order Defendant Meiner to answer the Complaint and will dismiss the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

In his one-count Complaint, Plaintiff sues the following Defendants, all of whom are employed at the Saguaro Correctional Center: Facility Investigator Steven Williamson, Correctional Officer N. Samberg, Assistant Warden Ben Griego, Assistant Chief of Security Sean Meiner, and Disciplinary Hearing Officer Karla Estrada.

1 | Plaintiff alleges a violation of his due process rights under the Fourteenth
2 | Amendment. He claims that Defendant Williamson removed him from the general
3 | population in October 2008 without a misconduct report and that Defendants Samberg and
4 | Griego took him to segregation. Plaintiff was not given a hearing or misconduct report, but,
5 | 44 days later, Defendant Meiner informed him that, in order to return to the general
6 | population, he was required to complete an 18-month program Special Housing Incentive
7 | Program (SHIP) for inmates that are considered management problems or dangerous security
8 | threats. Plaintiff contends that he is not a management problem or a dangerous security
9 | threat and that he refused to sign up for the program. Defendant Estrada found Plaintiff
10 | guilty of refusing housing.

Plaintiff contends that the SHIP program imposes a significant hardship in relation to the ordinary incidents of prison life . He claims that, unlike general population inmates, he is unable to attend educational and vocational training and religious services; he in inelgible for "prison worklines"; he has no access to television and radio, daily showers and phone calls, and recreation with weights and a basketball; he is not permitted to watch three movies per week, is denied "cultural programs for Hawaiians," and is not permitted to participate in "hobby crafts"; his personal property is severely restricted, he is not allowed to access to some "basic necessities," and he must shave without a mirror; he is denied weekly commissary privileges and is not allowed Christmas packages or thrice annual special food purchases; and he is subjected to daily strip searches and weekly cell searches. Plaintiff asserts that he has been subjected to these conditions for almost two years and that there is "no end in sight."

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, "replacement of same like item of missing or damaged personal property," and attorney's fees and costs.

## IV.  Discussion

Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v.</u>

Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard. Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). To determine whether the sanctions are atypical and a significant hardship, courts look to prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Plaintiff has failed to state a claim against Defendants Williamson, Samberg, and Griego because removing Plaintiff from the general population without a misconduct report and placing him in segregation for 44 days does not constitute a due process violation. See Sandin, 515 U.S. at 475-76, 487 (30 days' disciplinary segregation is not atypical and significant); Smith v. Mensinger, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation

is not atypical and significant); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights); Lucero v. Russell, 741 F.2d 1129 (9th Cir. 1984) (administrative transfer to maximum security without a hearing does not infringe on any protected liberty interest). In addition, Plaintiff has failed to state a claim against Defendant Estrada; Plaintiff does not allege that he was deprived of due process when Defendant Estrada found Plaintiff guilty of refusing housing. Thus, the Court will dismiss without prejudice Defendants Williamson, Samberg, Greigo, and Estrada.

Liberally construed, Plaintiff has stated a Fourteenth Amendment due process claim against Defendant Meiner. The Court will require Defendant Meiner to answer the Complaint.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant Meiner, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff

must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $3.33.

(3) Defendants Williamson, Samberg, Griego, and Estrada are **dismissed** without prejudice.

(4) Defendant Meiner must answer the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Meiner.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Meiner within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Meiner of the commencement of this action and request waiver of service of the summons pursuant to Rule

1. 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy
2. of this Order. The Marshal must immediately file requests for waivers that were returned as
3. undeliverable and waivers of service of the summons. If a waiver of service of summons is
4. not returned by a Defendant within 30 days from the date the request for waiver was sent by
5. the Marshal, the Marshal must:

      (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

      (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant Meiner agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant Meiner must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of August, 2010.

_____
G. Murray Snow
United States District Judge