**WO**                                                                                       SVK

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald N. Jose, | No. CV 10-1594-PHX-GMS (JRI) |
| Plaintiff, | |
| vs. | **ORDER** |
| Steven Williamson, et al., | |
| Defendant. | |

Plaintiff Ronald N. Jose, who is confined in the Saguaro Correctional Center (SCC) of the Corrections Corporation of America (CCA), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  Defendant Meiner moves to dismiss.[1] (Doc. 10.) The motion is ready for ruling. (Docs. 13, 14.)

The Court will grant the motion and terminate the action.

**I.    Background**

In the Complaint, Plaintiff alleged that several SCC employees violated his rights when they removed Plaintiff from general population (GP) and placed him in segregation for 44 days without a misconduct report.  After 44 days, Defendant informed Plaintiff that in order to return to GP, Plaintiff had to complete an 18-month Special Housing Incentive Program (SHIP) for inmates considered to be management problems or dangerous security

---

[1] The Court issued a Notice pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), advising Plaintiff of his obligation to respond. (Doc. 11.)

threats. Plaintiff asserted that he was not a management or security problem and refused to sign up for SHIP. Plaintiff was placed for an indefinite period in segregation, apparently in SHIP, without disciplinary charges or a hearing.

On screening, the Court held that Plaintiff stated a due process claim against Meiner and directed him to answer the claim against him and dismissed the remainder of the claims and Defendants. (Doc. 5.)

Defendant now moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. 10.)

## II.     Exhaustion of Administrative Remedies

### A.     Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B.     Parties' Contentions

#### 1.     Defendant

In support of his motion, Defendant submits the affidavit of Juan Valenzuela (Doc. 10, Ex. 1, Valenzuela Aff.); CCA, Inmate/Resident Grievance Procedures (id., Attach. A),

1  Plaintiff's acknowledgment of receipt of Inmate Handbook (id., Attach. B); and the Inmate
2  Handbook (id., Attach. C).
3    Valenzuela attests that his duties include maintaining all grievance records and the
4  Grievance Log. (Id., Ex. 1, Valenzuela Aff. ¶ 5.) The grievance procedure is a multi-tiered
5  system that includes: (1) the informal resolution process, which is initiated by submitting a
6  Request- for-Service form; (2) if the inmate is dissatisfied with the response to his Request
7  for Service, he may file an Informal Resolution form within 7 days of the incident
8  complained of; (3) within 5 days from the time he receives the decision of the facility
9  grievance officer, the inmate can submit a formal grievance; and (4) if dissatisfied with the
10 decision of the Grievance Coordinator, the inmate has 5 days to appeal to the Warden. The
11 Warden then has 15 days to respond to the appeal, and this response is final and constitutes
12 exhaustion of administrative remedies. (Id. ¶¶ 14-22.) Under the SCC grievance policy,
13 grievable matters include individual staff actions. (Id. ¶¶ 11, 30.) Valenzuela attests that
14 there are no grievances filed by Plaintiff regarding Defendant informing Plaintiff that he had
15 to complete the 18-month SHIP placement. (Id. ¶ 31.)
16   Defendant argues that the evidence shows that Plaintiff did not file grievances about
17 the claim against Defendant and, therefore, Plaintiff did not exhaust his administrative
18 remedies. (Doc. 10 at 4.)
19     **2.    Plaintiff**
20   In opposition, Plaintiff submits a two-page response. (Doc. 13.) He argues that the
21 Inmate Handbook states that classification issues and disciplinary hearings are non-grievable.
22 (Id. ¶ 2, ref. Doc. 10, Ex. C at 8.) He asserts that he was placed in disciplinary segregation
23 for two years and appealed his placement to the Warden. (Id. ¶ 3.) Plaintiff further asserts
24 that the Inmate Handbook excerpts explaining the grievance procedure do not contain
25 language that the inmate must both appeal to the Warden and grieve placement in
26 segregation; in other words, use two procedures. (Id. ¶ 4.) Plaintiff argues that because he
27 submitted his appeal to the Warden regarding the placement in segregation, the lack of a
28

1 disciplinary report, and recommendation for SHIP, prison officials were sufficiently aware
2 of the nature of the claim. (Id. ¶ 5.)

3 Plaintiff does not submit a copy of his appeal to the warden.

### 3. Reply

Defendant replies that Plaintiff's self-serving statements are unverified and inadmissible. (Doc. 14 at 2.) He reasserts that individual staff actions are clearly grievable under the grievance policy. (Id.) Defendant also asserts that if an inmate disagrees with the information used to designate him for SHIP housing, the inmate must use the grievance procedure appeal process and appeal to the Warden. (Id.) Defendant cites to the Inmate/Resident Grievance Procedures, which state that non-grievable matters include classification status and that "(all classification status must be addressed in accordance with classification procedures in place at the facility)." (Doc. 10, Ex. 1, Attach. A at 4.) Defendant also refers to the Inmate Handbook, which has a list of non-grievable matters, including classification, and states with regard to classification "(must utilize the appeal process)." (Id., Attach. C at 8.) Defendant submits the affidavit of Ben Griego, Assistant Warden of SCC, who attests that the decision to place Plaintiff into SHIP is not an individual decision, but rather a decision made by a committee, of which Defendant was only one member. (Id., Ex. 1, Griego Aff. ¶ 13.) In addition, Griego attests that there were no classification/housing appeals filed by Plaintiff regarding his SHIP placement. (Id., Ex. 1, Griego Aff. ¶ 18.) Finally, Defendant asserts that as to Plaintiff's argument that he need not both grieve and appeal, in fact, the record shows that he did neither. (Doc. 14 at 3.)

### C. Analysis

The Court will grant Defendant's motion and dismiss Plaintiff's claim without prejudice. Defendant presents evidence of an available appeal process and that Plaintiff failed to use the process by appealing his placement to the Warden. Plaintiff fails to adequately rebut Defendant's evidence.

1   Defendant provides evidence that grievances can be filed regarding individual staff
2   matters and submits the grievance procedure. In addition, Defendant asserts that
3   classification issues are non-grievable but can be addressed in accordance with the
4   procedures in place at the facility. (Doc. 10, Ex. 1, Attach. A at 4, Ex. C, Inmate Handbook
5   at 8.) Defendant provides evidence that Plaintiff did not use the grievance procedure and
6   argues that the matter should have been grieved as a staff action. But in his reply, Defendant
7   asserts that "SHIP placement is a housing/classification issue over which the facility has
8   control," and he submits evidence that placement in SHIP housing was a classification
9   matter, not an individual staff action. (Doc. 14 at 2, id., Griego Aff. ¶ 14.)

10   Defendant appears to be arguing that Plaintiff's claim is that Defendant *told* Plaintiff
11   that he would be placed in SHIP and so a grievance could have been filed about that staff
12   action. But the Court finds that the gravamen of Plaintiff's claim is his placement in SHIP,
13   not Defendant's statement about that placement. On this record, the Court is unpersuaded
14   that Plaintiff was required to use the full grievance procedure because the grievance
15   procedure states that classification is non-grievable.

16   Defendant must demonstrate that there were remedies available to Plaintiff. See
17   Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (2005). Defendant
18   also provides evidence that classification can be appealed to the Warden. This was
19   apparently Plaintiff's understanding; he claims that he did file such an appeal. But Defendant
20   submits evidence that Plaintiff did not appeal the classification, and Plaintiff does not provide
21   a copy of his appeal to the Warden. Moreover, Plaintiff does not state when he filed the
22   appeal or to whom he gave it; Plaintiff's unsupported assertion that he filed an appeal is not
23   sufficient to rebut Defendant's evidence that no such appeal was submitted.

24   The Court notes that attached to Plaintiff's Complaint is a "Disciplinary Appeal to the
25   Warden," dated October 18, 2009. (Doc. 1, Ex. 3 E.) It is unclear if this appeal is the one
26   to which Plaintiff refers in his opposition, but it is the only one in the record. This appeal is
27   from charges of failure to follow verbal or posted rules. In the appeal, Plaintiff complains
28   that in October 2008, he was placed on pre-hearing detention without a timely disciplinary

- 5 -

1  report and without a timely hearing. He further states that "[s]ince then I have been harassed
2  and penalized for failing to participate in a program I was not required to take which
3  constitutes a violation. . . . Please remedy."

4  When a prison's grievance procedures do not specify the requisite level of factual
5  detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress
6  is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). This standard "advances
7  the primary purpose of a grievance: to notify the prison of a problem." Id. And it is
8  consistent with the Supreme Court's holding in Jones that a prison's own procedures define
9  the contours of proper exhaustion. Id. Here, the appeal form requests the reasons for
10 appealing the disciplinary findings. (Doc. 1, Ex. 3 E.)

11 The Court finds that the disciplinary appeal of October 18, 2009, would not put prison
12 officials on notice of Plaintiff's claim regarding placement in SHIP. First, the appeal is an
13 appeal from specific disciplinary charges, not classification. Next, the issues raised in the
14 appeal relate to the dismissed claims in the Complaint—pre-hearing detention—or possibly
15 some disciplinary charge filed later; in the appeal Plaintiff refers to pre-hearing detention
16 imposed in October 2008, but the appeal is dated October 2009. And third, the vague
17 complaint that Plaintiff has been "harassed and penalized" for not participating in a program
18 is insufficient to put prison officials on notice that Plaintiff objected to his placement in
19 SHIP; the appeal does not even mention SHIP.

20 The Court will grant the motion and dismiss the claim against Meiner and will dismiss
21 Meiner. Because no claims remain, the Court will terminate the action.

22 **IT IS ORDERED:**

23 (1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to
24 Dismiss (Doc. 10).

25 (2) Defendant's Motion to Dismiss (Doc. 10) is **granted**, the claim against Meiner
26 is **dismissed without prejudice** for failure to exhaust administrative remedies, and Meiner
27 is **dismissed**.

28 ///

(3)     The action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 17th day of November, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge