**WO**                                                                                                   SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald N. Jose, | No. CV 10-1594-PHX-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| Steven Williamson, et al., | |
| Defendants. | |

Plaintiff Ronald N. Jose filed this civil rights action under 42 U.S.C. § 1983 against various employees and officials of Saguaro Correctional Center (SCC) of the Corrections Corporation of America. (Doc. 1.) Defendant Meiner moved to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. 10.) The Court granted the motion and dismissed the case, finding that Plaintiff had failed to exhaust administrative remedies as to his placement in the Special Housing Incentive Program (SHIP) for inmates considered to be management problems. (Doc. 16.)

Plaintiff moves to Set Aside the Judgment and Reconsider on the ground that he was not, in fact, placed in SHIP. (Doc.18.) The Court directed Defendants to respond to the Motion and permitted Plaintiff to reply. (Doc. 19.) The motion is ready for ruling. (Docs. 20, 21.)

Plaintiff also moves for class certification and appointment of counsel. (Doc. 22.)

The Court will grant Plaintiff's Motion to Set Aside the Judgment and Reconsider and will vacate the Order filed November 18, 2010. (Doc. 16.) The Court will deny the Motion for Class Certification and will deny appointment of counsel. (Doc. 22.)

**I.     Background**

Plaintiff's Complaint contains a single Count. On screening, the Court dismissed Defendants Williamson, Samberg, Griego, and Estrada and directed Meiner to answer. Plaintiff alleged a violation of his due process rights under the Fourteenth Amendment. He claimed that he was removed from the general population in October 2008 without a misconduct report and taken to segregation. Plaintiff was not given a hearing or misconduct report, but, 44 days later, Meiner informed him that, in order to return to the general population, he was required to complete an 18-month program Special Housing Incentive Program (SHIP) for inmates that are considered management problems or dangerous security threats. Plaintiff contended that he is not a management problem or a dangerous security threat and that he refused to sign up for the program. Plaintiff described in detail the conditions of confinement in SHIP. (Doc. 5 at 3.)

Defendants moved to dismiss on the ground that Plaintiff filed no grievances regarding Meiner informing Plaintiff that Plaintiff had to complete the 18-month SHIP placement. (Doc. 10, Ex. 1, Valenzuela Aff. ¶ 31.) In Defendant's reply, Griego attested that "there are no classification/housing appeals filed by [Plaintiff] regarding SHIP placement. Therefore, [Plaintiff] failed to exhaust SCC's administrative procedure available to him with respect to the allegations contained in his Complaint concerning his placement in SHIP." (Doc. 14, Ex. 1 ¶¶ 18-19.) The Court reviewed the grievance/appeal document offered by Plaintiff, which was attached to the Complaint, and found that it did not exhaust remedies as to placement in SHIP. (Doc. 16 at 6.)

**II.    Motion for Reconsideration**

   **A.     Legal Standard**

A court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is

- 2 -

1  appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v.
2  Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Under Rule 59(e), three grounds may justify
3  reconsideration: (1) an intervening change in controlling law; (2) the availability of new
4  evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare
5  Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

6        Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more
7  of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
8  discovered evidence which by due diligence could not have been discovered before the
9  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction
10 of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist.
11 No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
12 Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary;
13 mere dissatisfaction with the court's order or belief that the court is wrong in its decision are
14 not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637
15 F.2d 1338, 1341 (9th Cir. 1981).

16       Motions for reconsideration should be granted only in rare circumstances. Defenders
17 of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with
18 a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels
19 Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

20     **B.**    **Parties' Contentions**

21       Plaintiff now asserts that he was never in SHIP; rather, he was and is in disciplinary
22 segregation and appealed this to the warden. (Doc. 18 ¶¶ 1, 3.) He states that the appeal is
23 attached to the Complaint. (Id. ¶ 3.)

24       Defendant argues that "[o]stensibly, though not clear, Plaintiff seems to allege in his
25 Motion that his Complaint concerns placement in disciplinary segregation, not SHIP." (Doc.
26 20 at 2.) Defendant asserts that the claim for disciplinary segregation was previously
27 dismissed in the screening order. (Id., ref. Doc. 5.) Thus, there was no error. Defendant
28 argues that alternatively, "if Plaintiff is, indeed, complaining about having to go to SHIP, he

- 3 -

1  is arguing for the first time in his Motion for Reconsideration that he has never been in SHIP
2  and, therefore, was not required to exhaust administrative remedies before filing his
3  Complaint regarding SHIP. This is not a proper basis for seeking reconsideration." (Id. at
4  3.) Defendant also argues that if Plaintiff is "to maintain a lawsuit complaining about having
5  to go to SHIP—regardless of whether or not he has actually gone to SHIP,— the PLRA
6  requires he exhaust administrative remedies available to him in connection with that claim."
7  (Id.)

8  In his reply, Plaintiff states that the Court ordered Meiner to answer because "Plaintiff
9  is in segregation for refusing the SHIP Program and Defendant Meiner is the person who
10 informed Plaintiff of this." (Doc. 21 ¶ 2.) Plaintiff asserts that his Complaint clearly states
11 this at paragraphs 4 and 5. (Id. ¶ 3.) Plaintiff argues that the Court's ruling dismissing for
12 failure to exhaust regarding a SHIP placement is clear error. (Id. ¶¶ 4-5.) Disciplinary
13 segregation is not grievable and can only be appealed to the Warden, which is what Plaintiff
14 did. (Id. ¶ 6.)

**C.  Analysis**

16 The Court will grant the request to reconsider and vacate the Order dismissing the
17 claim against Meiner. As noted, the Court based its decision on Plaintiff's failure to exhaust
18 or appeal his placement in SHIP. Plaintiff asserts on reconsideration that he was never
19 placed in SHIP; rather, he was placed in disciplinary segregation, which is different. (Doc.
20 21 ¶ 5.) Defendant does not dispute this in his response.

21 Contrary to Plaintiff's assertions, his claim is not clear. In his Complaint Plaintiff
22 alleged;

> 4. Plaintiff's selection to attend this voluntary program was arbitrary. Defendant Meiner then informed Plaintiff that, if Plaintiff does not sign up for the 18 months program in segregation, that Plaintiff would be disciplined with a misconduct for refusing housing. Plaintiff did not refuse housing, only refused to sign name.
> 5. Defendant Estrada found Plaintiff guilty for refusing housing to voluntary program designed for inmates that are a management problem or a security threat. Plaintiff was told to attend this 18 month program in segregation without ever committing any misconduct of any kind.
> . . . .
> 7. The SHIP program imposes a significant hardship in relation to ordinary incidents of prison life for a minimum of 18 months. Plaintiff has been

- 4 -

subjected to this significant hardship for almost 2 years and there is no end in sight.

It now appears that Plaintiff's claim is for placement in segregation for his refusal to agree to placement in SHIP. That is, Plaintiff is claiming that, without due process, he was placed in a category that requires participation in SHIP in order to get out of segregation. Thus, there would be no need to exhaust as to actual placement in SHIP. The Court finds that the need to correct its error is grounds for reconsideration.

In its Motion to Dismiss, Defendant provided no clear evidence that Plaintiff did not exhaust as to placement in segregation for refusing assignment to SHIP. Nor did Defendant provide such evidence in its response to Plaintiff's motion to reconsider. Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court finds that, on this record, Defendant has not met his burden to demonstrate failure to exhaust remedies as to Plaintiff's claim for placement in segregation for refusing assignment to SHIP.[1]

The Court will vacate its Order, dated November 18, 2010 (Doc. 16), dismissing the claim against Meiner.

As noted, the Court has characterized Plaintiff's claim as one for placement in segregation for his refusal to agree to placement in SHIP; that is, without due process, Plaintiff was placed in a category that requires participation in SHIP in order to get out of segregation. **If this is not Plaintiff's claim, Plaintiff must, within 14 days of the filing date of this Order, file a motion to amend his complaint, attaching a copy of the proposed amended complaint to the motion.** See LRCiv 15.1. Any proposed amended complaint may not incorporate by reference any part of the original complaint.

**If the Court has accurately characterized Plaintiff's claim, within 14 days of the filing date of this Order, Plaintiff must file with the Court a Notice stating "the Court's**

---

[1]This is not the claim regarding the initial 44-day placement in segregation, which was dismissed on screening. (Doc. 5.)

- 5 -

1  **characterization of my claim is accurate" and serve a copy of the Notice on Defendant.**
2  If Plaintiff files a Notice, Defendants must answer or file a motion to dismiss within 14 days.
3  **III.      Motion for Class Certification and Appointment of Counsel**
4           Plaintiff moves for class certification and requests appointment of counsel. (Doc. 22.)
5  The motion is denied.
6           Plaintiff has requested appointment of counsel.  There is no constitutional right to
7  appointment of counsel in a civil case.  See Ivey v. Board of Regents of University of Alaska,
8  673 F.2d 266 (9th Cir. 1982).  The appointment of counsel in a civil rights case is required
9  only when exceptional circumstances are present.  Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.
10 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).  "A finding of exceptional
11 circumstances requires an evaluation of both 'the likelihood of success on the merits [and]
12 the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the
13 legal issues involved.'"  Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d
14 952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding
15 whether or not to appoint counsel.  Id.
16          The Court has reviewed and evaluated the Complaint and finds this action presents
17 no "exceptional circumstances" requiring the appointment of counsel at this time.  Plaintiff
18 is in no different a position than other *pro se* litigations who have brought nearly identical
19 claims.  Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.
20          Plaintiff's request to have this action certified as a class action pursuant to Rule 23,
21 Federal Rules of Civil Procedure, will also be denied. Plaintiff is not an attorney.
22 Accordingly, although Plaintiff may appear on his own behalf, he may not appear as an
23 attorney for other persons in a class action.  McShane v. United States, 366 F.2d  286, 288
24 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a
25 purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain
26 error to permit an inmate proceeding pro se to represent fellow inmates in a class action).
27 "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot
28 'adequately represent' the interests of the members of the 'class,' but also out of the long-

standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Set Aside the Judgment and Reconsider (Doc. 18) is **granted.**

(2) The Order dated November 18, 2010 (Doc. 16) is **vacated**.

(3) **Within 14 days of the filing of this Order, Plaintiff must either file a Notice that the Court has correctly characterized his claim or move to amend the complaint, attaching to the motion a copy of the proposed amended complaint, as set forth in this Order.**

(4) Plaintiff's Motion for Class Certification (Doc. 22) is **denied**, and his request for appointment of counsel (Doc. 22) is also **denied**.

(5) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 9th day of February, 2011.

G. Murray Snow
United States District Judge